IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAN YU and KEMING MU, | No. C 06-7878 CW |
|     Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
|     v. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; CHRISTINA POULOS, Director, California Service Center, U.S.C.I.S.; ROBERT S. MUELLER, Director, Federal Bureau of Investigations, | |
|     Defendants. | |

Plaintiffs Lan Yu and Keming Mu have filed a complaint, seeking a writ of mandamus compelling Defendants to adjudicate their I-485 applications for adjustment to lawful permanent resident status. Defendants move to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs oppose the motion. The matter was heard on May 11, 2007. Having considered all of the papers filed by the parties and oral argument

on the matter, the Court denies Defendants' motion.

BACKGROUND

On March 15, 2005, Plaintiffs filed with the California Service Center of the United States Citizenship and Immigration Services (USCIS) I-485 applications to adjust their status to lawful permanent residents. These applications were based on the concurrent I-140 petition for alien worker filed by Yu's employer. Yu's I-140 was approved on June 9, 2005. The parties agree that the only remaining step in the adjudication of their I-485 applications is the completion of an FBI name check for Plaintiff Yu.[1]

On December 26, 2006, twenty-one months after they filed their I-485 applications, Plaintiffs filed their complaint, alleging that Defendants are violating the Administrative Procedures Act (APA), by "unlawfully withholding or unreasonably delaying action on Plaintiffs I-485 applications" and seeking a writ of mandamus, pursuant to 28 U.S.C. § 1361, to compel the completion of their FBI security checks and "to expeditiously process both of Plaintiffs' I-485 Applications to conclusion." Complaint ¶¶ 16, 17(b).

Defendants now move to dismiss the action, arguing that the Court lacks subject matter jurisdiction to grant Plaintiffs' request for a writ of mandamus and that Plaintiffs fail to state a claim under the APA.

---

[1] Plaintiff Mu's name check was completed in January, 2007. However, his I-485 application is based on his marriage to Yu. Therefore, his application cannot be adjudicated independently.

2

DISCUSSION

I.  Mandamus

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989).  A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted.  Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.), cert. denied, 423 U.S. 874 (1975).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

The federal mandamus statute provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28

1 U.S.C. § 1361.  Mandamus relief is only available to compel an
2 officer of the United States to perform a duty if: (1) the
3 plaintiff's claim is clear and certain; (2) the duty of the officer
4 is ministerial and so plainly prescribed as to be free from doubt;
5 and (3) no other adequate remedy is available.  See Fallini v.
6 Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations omitted).

7 　　　Defendants argue that the Court lacks subject matter
8 jurisdiction over the petition because "adjustment of status is
9 committed to the Attorney General's discretion as a matter of law."
10 Motion to Dismiss at 3.  Defendants cite 8 U.S.C. § 1255(a), which
11 provides, "The status of an alien who was inspected and admitted or
12 paroled into the United States . . . may be adjusted by the
13 Attorney General, in his discretion and under such regulations as
14 he may prescribe, to that of an alien lawfully admitted for
15 permanent residence."  Further, they note that the regulations for
16 adjustment of status procedures do not specify any time frames.
17 See 8 C.F.R. § 245 et seq.

18 　　　Plaintiffs counter that although the USCIS has discretion in
19 adjudicating the applications, it has a non-discretionary duty to
20 process the application.  As the court in Singh v. Still, 470 F.
21 Supp. 1064, 1068 (N.D. Cal. 2007), noted, "there is a difference
22 between the [USCIS's] discretion over how to resolve the
23 application and the [USCIS's] discretion over whether it resolves
24 an application."  Although some courts have found that the speed
25 with which the USCIS adjudicates I-485 applications is
26 discretionary and not subject to judicial review, see, e.g.,
27 Grinberg v. Swacina, 2007 U.S. Dist. LEXIS 19684 (S.D. Fla.);

28

**United States District Court**
For the Northern District of California

1 Safadi v. Howard, 466 F. Supp. 2d 696, 698-700 (E.D. Va. 2006),
2 many, including courts in this district, have found jurisdiction
3 under the mandamus statute. See, e.g., Singh v. Still, 470 F.
4 Supp. 2d 1064 (N.D. Cal. 2007); Tjin-A-Tam v. United States Dep't
5 Homeland Sec., 2007 U.S. Dist. LEXIS 17994 (S.D. Fla.); Salehian v.
6 Novak, 2006 U.S. Dist. LEXIS 77028 (D. Conn. 2006); Fu v. Reno,
7 2000 U.S. Dist. LEXIS 16110 (N.D. Tex. 2000); Yu v. Brown, 36 F.
8 Supp. 2d 922, 931-32 (D.N.M. 1999); Paunescu v. INS, 76 F. Supp. 2d
9 896, 901-02 (D. Ill. 1999).

10 The Supreme Court has held that where, as here, "the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command, it is regarded as being so far ministerial that its performance may be compelled by mandamus." Wilbur v. United States, 281 U.S. 206, 218-19 (1930). Courts have interpreted 8 C.F.R. § 245.2(a)(5), which provides, "The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial," to imply that USCIS has a duty to process I-485 applications to decision. See, e.g., Singh, 470 F. Supp. 2d at 1067 n. 6. Further, the government has conceded in at least two cases that it has a nondiscretionary duty to process I-485 applications under 8 U.S.C. § 1255(a). See Gelfer v. Chertoff, 2007 WL 902382 (N.D. Cal.); Singh, 470 F. Supp. 2d at 1067.

Consistent with this duty to process I-485 applications, the Court finds that Plaintiffs have a right to have their applications processed without unreasonable delay. The APA provides, "With due regard for the convenience and necessity of the parties or their

5

1 representatives and within a reasonable time, each agency shall
2 proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).
3 As explained in Yu, "Although neither statute specifies a time by
4 which an adjudication should be made, we believe that by necessary
5 implication the adjudication must occur within a reasonable time.
6 A contrary position would permit the INS to delay indefinitely.
7 Congress could not have intended to authorize potentially
8 interminable delays." 36 F. Supp. at 932.
9     Defendants do not dispute Plaintiffs' allegation that they
10 have exhausted their administrative remedies and do not argue that
11 they have any other adequate remedy. Therefore, the Court finds
12 that it has jurisdiction to consider Plaintiffs' petition for
13 mandamus. Defendants' motion to dismiss pursuant to Rule 12(b)(1)
14 is denied.
15 II. Administrative Procedures Act
16     A motion to dismiss for failure to state a claim will be
17 denied unless it is "clear that no relief could be granted under
18 any set of facts that could be proved consistent with the
19 allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th
20 Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506
21 (2002). All material allegations in the complaint will be taken as
22 true and construed in the light most favorable to the plaintiff.
23 NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
24     Defendants argue that Plaintiffs fail to state a claim under
25 the APA. However, the APA provides that federal courts can "compel
26 agency action unlawfully withheld or unreasonably delayed." 5
27 U.S.C. § 706(1). As stated above, the APA further provides that
28

6

agencies must conclude matters before them "within a reasonable time." 5 U.S.C. § 555(b). In <u>Norton v. South Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004), the Supreme Court held that a plaintiff states a claim for relief under § 706(1) when it "asserts that an agency failed to take a discrete agency action that it is required to take." As discussed above, Plaintiffs have demonstrated that USCIS has a nondiscretionary duty to process I-485 applications. Further, Plaintiffs have alleged that USCIS has failed to do so within a reasonable time. Therefore, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied.

                              CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. (Docket No. 7).

IT IS SO ORDERED.

Dated: 6/14/07

CLAUDIA WILKEN
United States District Judge